IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| ALBERT DENNIS ZAMPEDRI, ) | **MEMORANDUM DECISION & ORDER DENYING HABEAS PETITION** |
| Petitioner, ) | |
| ) | Case No. 2:10-CV-1272 DAK |
| v. ) | |
| ) | District Judge Dale A. Kimball |
| ALFRED BIGELOW, ) | |
| Respondent. ) | |

---

Petitioner, Albert Dennis Zampedri, an inmate at Central Utah Correctional Facility, filed this habeas corpus petition,[1] in which he attacks the same conviction as he attacked in a prior petition that this Court denied.[2] The current petition is thus "second or successive."[3]

The Court lacks jurisdiction over this second or successive habeas application absent prior authorization from the Tenth Circuit Court of Appeals.[4] Because Petitioner has not sought such authorization, the Court may not consider the merits of the petition.

Under 28 U.S.C.S. § 1631 (2010), the Court has discretion to transfer this misfiled petition to the court of appeals "if . . . it is in the interest of justice." In determining here that a

---

[1] *See* 28 U.S.C.S. § 2254 (2010).

[2] *See Zampedri v. Clark*, No. 2:05-CV-139-TC (D. Utah Sept. 11, 2006).

[3] *See* U.S.C.S. § 2244(b) (2010).

[4] *See id.* § 2244(b)(3)(A).

transfer would not be in the interest of justice, the Court has examined

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[5]

First, the Court does not have enough information to determine the effects of a time bar. Although Petitioner's conviction was in 2002, it appears he has kept litigation alive regarding his conviction for most of the time from 2002 through now.

However, second, Petitioner's current claims clearly lack merit as they have gone the rounds of direct appeal and post-conviction relief and have been repeatedly rejected as procedurally barred.[6] And, if there are any permutations to Petitioner's current claims that have not been rejected as procedurally barred, they most certainly would be now. They are all things that could have been but were not raised on direct appeal or in petitions for post-conviction relief[7]--e.g. *Brady*

---

[5] *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

[6] *See Zampedri v. Clark*, No. 2:05-CV-139-TC (D. Utah Sept. 11, 2006); *Zampedri v. Utah*, 2010 UT App 233 (unpublished), *cert. denied*, 241 P.3d 771 (Utah); *Zampedri v. Utah*, 2009 UT App 302 (unpublished); *Zampedri v. Utah*, 2008 UT App 178 (per curiam) (unpublished); *State v. Zampedri*, 2004 UT App 348, *cert. denied*, 106 P.3d 743 (Utah 2005).

[7] Utah Code Ann. § 78B-9-106(1)(c), (d) (2010).

2

evidence, ineffective assistance of trial counsel, witness tampering, and photographic crime-scene evidence.

Third, it should have been clear to Petitioner, upon filing claims repetitive of the ones raised in the 2005 case and repeatedly rejected as procedurally barred in state petitions, that his current petition was not filed in good faith and that this Court would lack jurisdiction over such a second or successive petition.

CONCLUSION

The Court lacks jurisdiction to review this second or successive petition. And, it determines that it is not in the interest of justice to transfer the case to the Tenth Circuit Court of Appeals. IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

DATED this 3rd day of January, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge